IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY PRESCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:24-cv-079-JDK-JDL |
| | § | |
| MYRON J. PRUITT, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a former prisoner of the Texas Department of Criminal Justice proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed *in forma pauperis*. The case was transferred to this Court for proper venue referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On March 7, 2024, the Magistrate Judge gave Plaintiff thirty days to file a amended complaint in compliance with the applicable Federal Rules of Civil Procedure and this Court's page limitation on pleadings. Docket No. 8. United States Postal Service tracking records establish that this Order was delivered to an individual at Plaintiff's address on March 11, 2024. *See* USPS Tracking for # 7022 1670 0001 4278 7587, available at https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70 221670000142787587%2C&tABt=true (last visited Jun. 25, 2024). The Court overruled Plaintiff's objections to that Order on April 10, 2024, and granted him an additional twenty-one days from entry of its Order to file the amended pleading on April 29,

2024. Docket Nos. 15, 18. Postal Service tracking records establish that the latter Order was picked up at the Frankston, Texas post office on May 7, 2024. *See* USPS Tracking for # 7022 1670 0001 4278 7556, available at https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&t Labels=70221670000142787556%2C&tABt=true (last visited Jun. 25, 2024). At that time, Plaintiff had almost two weeks to comply, after being on notice since March 11 of the need to prepare and file an amended complaint. He did not comply.

On May 31, 2024, the Magistrate Judge issued a Report and Recommendation recommending that the case be dismissed for failure to comply with the Court's order to file an amended complaint. Docket No. 20. Plaintiff filed an untimely motion for another extension on June 3, 2024, followed by a timely written objection to the Report. Docket Nos. 21, 23.

The Court reviews the findings and conclusions of a Magistrate Judge de novo if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In both his belated motion for extension and his objection, Plaintiff attributes his delays to ongoing "attacks by [ ] governmental agencies," including breaking into his home and poisoning his food. Docket No. 21; Docket No. 23 at 2. This outlandish claim is not worthy of credit and does not explain why Plaintiff is capable of filing

numerous motions and letters in this and several other pending lawsuits in this Court but cannot manage to file a single amended complaint as ordered. *See generally*, *Prescott v. Hicks*, No. 6:24cv058 (E.D. Tex.); *Prescott v. Hopkins*, No. 6:24cv068 (E.D. Tex.); *Prescott v. Ragsdale*, No. 6:24cv069 (E.D. Tex.).

In his objection, Plaintiff also blames untimely receipt of the Court's orders for his delinquency. Docket No. 23 at 2. But the clear timeline of events described above, including the USPS tracking records establishing Plaintiff's timely receipt of the Court's orders, belies Plaintiff's effort to blame mail delivery for his delays. It is clear, therefore, that Plaintiff has been on notice for more than three months of the need to file an amended complaint, which is a basic task that should not require a great deal of time or resources to accomplish, and that he has failed to do so without justification. He has been warned at each step that failure to comply could result in dismissal. Docket No. 8 at 4; Docket No. 18 at 1. And he has failed to establish the excusable neglect that would justify further extension after allowing his previous deadline to pass without action. Further delay is not warranted by the record in this case.

Having reviewed the record and Plaintiff's objections de novo, the Court concludes that the objections are without merit and that the findings and conclusions of the Magistrate Judge are correct. Accordingly, the Court hereby **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 20) as the findings of this Court. It is therefore **ORDERED** that this case is **DISMISSED** without prejudice for failure to comply with the Court's order and failure to take the steps necessary to prosecute this case.

*See* Fed. R. Civ. P. 41(b) (authorizing involuntary dismissal for failure to comply with a court order). All pending motions are **DENIED** as moot.

Because Plaintiff's complaint includes events dating from 2018 to 2022, the statute of limitations for the claims in this action is hereby suspended for sixty days from the entry of judgment, to the extent that Plaintiff's claims were not already untimely at the time he filed suit. *See Campbell v. Wilkinson*, 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used"). Such suspension does not affect any claims for which the limitations period had already expired at the time that the present lawsuit was filed; those claims would remain barred regardless of any suspension of the limitations period.

So **ORDERED** and **SIGNED** this **27th** day of  **June, 2024.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE